UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION


JOHNNY B. EWING, II          ]
     Petitioner,          ]
                            ]
v.                             ]         No. 3:06-1184
                            ]         Judge Campbell
WAYNE BRANDON, WARDEN    ]
     Respondent.         ]


M E M O R A N D U M


     The petitioner, proceeding *pro se*, is an inmate at the Turney Center Industrial Prison in

Only, Tennessee. He brings this action pursuant to 28 U.S.C. § 2254 against Wayne Brandon,

Warden of the facility, seeking a writ of habeas corpus.

     On December 8, 2003, the petitioner pled guilty in the Criminal Court of Davidson

County to one count of second degree murder. Docket Entry No. 11; Addendum No. 3. For this

crime, he received a sentence of forty (40) years in prison.

     Having pled guilty, there was no direct appeal of the conviction taken. However, in June,

2004, the petitioner filed a *pro se* petition for state post-conviction relief. Counsel was appointed

to represent the petitioner and an amended post-conviction petition was filed. Following an

evidentiary hearing, the trial court denied the petition. On appeal, the Tennessee Court of

Criminal Appeals affirmed the denial of post-conviction relief. Docket Entry No. 11; Addendum

No. 1. The Tennessee Supreme Court later denied the petitioner's application for further review.

     On December 11, 2006, the petitioner filed the instant petition for writ of habeas corpus.

1

Docket Entry No. 1. In the petition, it is alleged that the guilty plea is invalid because the petitioner was denied the effective assistance of counsel.[1] More specifically, the petitioner claims that counsel :

>  (1)  failed to adequately consult with and advise the petitioner about the consequences of his plea;
>
>  (2)  failed to inform the petitioner that the prosecution did not intend to use his statement to the police during its case-in-chief; and
>
>  (3)  used the petitioner's parents to pressure him into accepting the plea agreement.

A preliminary examination of the petition was conducted after which it was determined that the petitioner had stated a colorable claim for relief. Accordingly, an order (Docket Entry No. 4) was entered directing the respondent to file an answer, plead or otherwise respond to the petition. Rule 4, Rules - - - § 2254 Cases.

Presently pending before the Court is the respondent's Motion to Dismiss (Docket Entry No. 9), to which the petitioner has offered no reply. Upon consideration of the respondent's motion and the expanded record, it appears that an evidentiary hearing is not needed in this matter. *See* <u>Smith v. United States of America</u>, 348 F.3d 545, 550 (6th Cir. 2003)(an evidentiary hearing is not required when the record conclusively shows that the petitioner is entitled to no relief). Therefore, the Court shall dispose of the petition as the law and justice require. Rule 8(a), Rules - - - § 2254 Cases.

The petitioner's claims were fully litigated during the state court post-conviction

---

[1] The petitioner was represented by Laura Dykes and Ross Alderman, members of the Davidson County Public Defenders Office.

proceedings and were found to be lacking in merit. Docket Entry No. 11; Addendum No. 1. When a claim has been adjudicated on the merits in state court, the state court adjudication will not be disturbed unless it resulted in a decision contrary to clearly established federal law or involved an unreasonable application of federal law in light of the evidence. 28 U.S.C. § 2254(d); Nevers v. Killinger, 169 F.3d 352, 357 (6th Cir.1999). In order for a state adjudication to run "contrary to" clearly established federal law, the state court must arrive at a conclusion opposite to that reached by the United States Supreme Court on a question of law or decide a case differently than the United States Supreme Court on a set of materially indistinguishable facts. To grant the writ for an "unreasonable application" of federal law, the petitioner must show that the state court identified the correct governing legal principle involved but unreasonably applied that principle to the facts of the case. Williams v. Taylor, 529 U.S. 362 (2000). In short, state court judgments must be upheld unless, after an examination of the state court judgment, the Court is firmly convinced that a constitutional right has been violated. Id., at 120 S.Ct. 1511.

The Sixth Amendment provides that a criminal defendant is entitled to the effective assistance of counsel. To establish a violation of this right, the petitioner bears the burden of pleading and proving that his attorney's performance was in some way deficient and that the defense was prejudiced as a result of the deficiency. Strickland v. Washington, 466 U.S. 668, 687 (1984). To demonstrate a deficiency in representation, the petitioner must show that his attorney failed to act within "an objective standard of reasonableness". Id, at pg. 688. When attempting to set aside a guilty plea, the petitioner must also show a reasonable probability that, but for counsel's deficiency, he would have insisted upon proceeding to trial. Hill v. Lockhart,

3

474 U.S. 52, 59 (1985).

The state courts applied the holding of <u>Strickland</u>, supra, to petitioner's ineffective assistance claims and found that counsel had, under the circumstances, acted reasonably and in a manner that did not prejudice the defense. The record supports these findings.

The petitioner was charged with first degree murder which carried with it a potential sentence of life imprisonment. If he was found guilty of this charge, the petitioner would have to serve a minimum of fifty one (51) years before he could be considered for parole. Second degree murder, on the other hand, carried with it a sentence of between fifteen (15) and twenty five (25) years of imprisonment. To avoid the possibility of life imprisonment, the petitioner accepted a plea agreement to second degree murder with a sentence that exceeded the statutory range for this crime. The petitioner acknowledged at his post-conviction evidentiary hearing that counsel had made him aware that he was agreeing to an out of range sentence. Docket Entry No. 11; Addendum No. 2 at pg. 11. Moreover, the petitioner acknowledged that he was aware of the out of range sentence during the entry of his guilty plea. Docket Entry No. 11; Addendum No. 3 at pg. 4. Therefore, counsel was not ineffective for failing to consult and advise the petitioner about the consequences of his plea.

The petitioner has also claimed that counsel was ineffective for neglecting to inform him that the prosecution would not be using his statement to the police during its case-in-chief. But the record shows that the prosecution, in the presence of the petitioner, "announced that they weren't going to use your statement ......". Docket Entry No. 11; Addendum No. 2 at pg. 22. Thus, even if counsel did not specifically reiterate this fact to the petitioner, he was aware of the situation prior to deciding to accept the plea agreement. This claim, therefore, has no merit.

4

Finally, the petitioner alleges that he was coerced into pleading guilty by his parents, who agreed with counsels' assessment that the plea agreement was preferable to going to trial. Counsel arranged for the parents to meet with the petitioner at their request. The petitioner agreed to the meeting. Counsel was not present at the meeting and, after some discussion with his parents, the petitioner decided to accept the plea agreement. Docket Entry No. 11; Addendum No. 2 at pgs. 8-9. During the entry of his guilty plea, the petitioner stated that he had neither been threatened nor promised anything in exchange for his plea. Docket Entry No. 11; Addendum No. 3 at pg. 8. He further stated that he was satisfied with the work of his attorneys. Id. at pgs. 8-9. From this set of circumstances, it is clear that the petitioner's guilty plea was neither forced nor coerced. Consequently, counsel was not ineffective for arranging petitioner's meeting with his parents.

The petitioner has offered no clear and convincing evidence to rebut the presumption of correctness that must be accorded the factual findings made by the state courts. 28 U.S.C. § 2254(e)(1). Nor has the petitioner demonstrated in what way the legal analysis of the state courts runs contrary to federal law. Accordingly, having carefully reviewed the record, it appears that the state court adjudication of petitioner's claims was neither contrary to nor an unreasonable application of federal law. Consequently, petitioner's claims have no merit.

An appropriate order will be entered.


Todd Campbell
United States District Judge

Case 3:06-cv-01184   Document 12   Filed 03/23/07   Page 5 of 5 PageID #: 160